**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

DEBI MILLS, )
)
         Plaintiff, )
)
  v. )
) C.A. No. N24C-04-139 FJJ
DAVID EFFRON and SHOCK TRAUMA )
ASSOCIATES, P.A., )
)
        Defendants. )

## **ORDER**

Having considered Defendants' Motion to Dismiss, Plaintiff's lack of a response, and the record, it appears to the Court that:

1.     This is a medical negligence case that involves treatment to Plaintiff by Dr. David Effron while he was employed by Shock Trauma Associates, P.A. The treatment that forms the basis of this Complaint occurred at the University of Maryland Hospital in Baltimore, Maryland. The complained of surgery occurred on April 15, 2021. Suit was filed in Delaware on April 17, 2024 and no Affidavit of Merit was filed with the Complaint.

2.     Defendants have moved to dismiss the case for three reasons. First, Dr. Effron contends that the Court has no personal jurisdiction over him. Second, the Complaint was not timely filed. Third, the Affidavit of Merit required under 18 *Del.C.* §6853 was not filed with the Complaint.

3.     It is elementary that a Court must have personal jurisdiction over a

1

defendant for a case to proceed against that defendant. Dr. Effron is not a Delaware resident. Dr. Effron has filed an affidavit in support of his Motion to Dismiss. In that affidavit Dr. Effron avers that: he does not transact business or perform his professional services in Delaware; he has never practiced in Delaware; he does not contract to supply services or things in Delaware; there is no allegation that he caused tortious injury in Delaware; he does not regularly perform or solicit business in Delaware; he does not perform any consistent course of conduct in Delaware; he does not derive any revenue from services consumed in Delaware; and he has no interest in, use of or possession of any real estate in Delaware. These facts are not contradicted. On this undisputed record, this Court has no personal jurisdiction over Dr. Effron. On this basis alone, the claims against Dr. Effron are entitled to dismissal.

4. The relevant statute of limitations for medical negligence cases is 2 years.[1] While the statute provides for an extension of the limitations period where the injury is unknown, the Complaint makes it clear that when Plaintiff awoke from her surgery on April 15, 2021, Plaintiff was well aware that something was wrong. Hence, the "unknown" exception to the limitations period has no application under the instant facts. The surgery giving rise to this lawsuit occurred on April 15, 2021. Suit was not filed until over three years later on April 17, 2024.

---

[1] 18 *Del. C.* §6856.

Plaintiff's Complaint is barred by the applicable statute of limitations.[2]

5.     Absent certain specific situations, which are not applicable here, an Affidavit of Merit must be filed along with a complaint for medical negligence.[3] No such affidavit has been filed. This failure to file the affidavit is in and of itself sufficient to warrant dismissal of the instant action.[4]

Based on the above reasons, Defendants' Motion to Dismiss is **GRANTED** on this 20th day of August, 2024.

     **IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*

Francis J. Jones, Jr., Judge

cc:    File&ServeXpress

---

[2] 18 *Del. C.* §6853.

[3] *Id.*

[4] *Id.* Under §6853, the Court can grant leave to give Plaintiff time to file the Affidavit. Given that there are two other independent bases to dismiss the Complaint, any option to extend the time to file the Affidavit would be futile. Therefore, the Court will not extend the time.